# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONALD H. SATHER, | ) |
| | ) |
| *Defendant/Petitioner*, | ) |
| | ) |
| v. | ) Case No. CIV-13-473-JHP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Plaintiff/Respondent*. | ) |

## ORDER

This matter comes before the Court on Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. The Defendant/Petitioner appears *pro se* and the Plaintiff/Respondent appears by and through Mark F. Green, United States Attorney for the Eastern District of Oklahoma, and Linda A. Epperley, Assistant United States Attorney. After a careful review of the file, the briefs filed by the parties and the applicable law, this Court finds and concludes that Defendant's motion should be denied.

In 1999, Defendant/Petitioner Ronald H. Sather ("Defendant") was indicted for interfering with IRS laws, failing to file income tax returns, committing bankruptcy fraud, structuring transactions to evade reporting requirements, and falsely using a social security number. (*Indictment*, Doc. #4). He was convicted on all eight counts following a four-day jury trial. (*Verdict*, Doc. #23). He was sentenced to 35 months of imprisonment and a three-year term of supervised release. (*Judgment and Commitment*, Doc. #32).

Defendant appealed his conviction on three of the eight counts. ***United States v. Sather***, 3 Fed. Appx. 725 (10th Cir. 2001). In affirming, the Tenth Circuit summarized the Defendant's history of tax avoidance:

> In 1992 Mr. Sather decided to become an active income tax protestor. As part of his plan to avoid taxation, and against the advice of his accountant, he established trusts into which he diverted income from his chiropractic business, filed quit claim deeds to remove his name from real property he owned, placed false liens against his real estate holdings, and created aliases with separate post office addresses. Mr. Sather ignored the advice of an estate and tax attorney that his anti-tax plan would probably result in his imprisonment and refused to file income taxes for tax years 1992–1995. He became an active proponent of a tax protestor movement known as the Pilot Connection Society, offering to help others to become "untaxed" for a fee.
>
> In 1994 the IRS requested Mr. Sather's 1992 tax return. Mr. Sather replied that he revoked all of his signatures on prior documents filed with the IRS before 1992 and asked the IRS to refund to him monies he had paid in past taxes. In 1995 the IRS began issuing summons for Mr. Sather's business and financial records. One of Mr. Sather's former employees testified that Mr. Sather then instructed her to shred documents showing income so that the IRS could not determine how much income his chiropractic office had produced, instructed her not to place large income payments from the business on the ledger sheets, and placed a ZAP program on his business computer system that would delete the hard drive if the IRS came to the office. After the employee was served with an IRS summons, Mr. Sather told her it was completely voluntary and that she did not have to talk with anyone.
>
> In August 1995 Mr. Sather tried to obtain credit through one of his trusts at a local bank. He gave a social security number belonging to another individual as his own on the loan application.
>
> In 1996 Mr. Sather rented a storage unit so that he could hide his Mercedes from the IRS. When renting it, he unsuccessfully tried to use an alias and again wrongfully used the other individual's social security number as his own on the rental form. After renting the unit, Mr. Sather actually used a different unit without the business's permission, later explaining that he didn't want people to know his business.
>
> In 1997 Mr. Sather filed the first in a series of three bankruptcy petitions seeking protection from federal taxes. It is undisputed that the first petition, which he later voluntarily dismissed, falsely stated that Mr. Sather owned only $6,365 in total assets and earned $2,000/month when in fact he owned at least $394,782 in assets and earned over $9,000 from his chiropractic business.

*Sather*, 3 Fed. Appx. at 727. Defendant's petition for certiorari was denied by the Supreme Court. *Sather v. United States*, 532 U.S. 1001 (Apr 23, 2001) (NO. 00-9108).

On June 20, 2001, Defendant filed an "Emergency Motion to Dismiss Indictment under F.R. Crim. P. 12(b)(2)" which was denied by United States District Judge Frank Seay on June 27, 2001. (*Motion to Dismiss*, Doc. #39, *Minute Order*, Doc. #41). Defendant appealed. (*Appeal Notice*, Doc. #40). The Tenth Circuit affirmed this Court's order holding that Defendant's claims were procedurally barred. **United States v. Sather,** 41 Fed. Appx. 336 (10th Cir. 2002). While the appeal was still pending, Defendant filed a "Rule 60(b)(4) Motion to Dismiss Case." (*Rule 60 Motion to Dismiss*, Doc. # 48). Judge Seay summarily denied the motion on October 1, 2001, by Minute Order. (*Minute Order*, Doc. #49). Again, Defendant appealed. (*Appeal Notice*, Doc. #50). The Tenth Circuit dismissed the case after Defendant failed to file a brief-in-chief. (*Mandate*, Doc. #59).

In September 2002, a petition to revoke Defendant's supervised release was filed. On October 10, 2002, this Court revoked his release, and on December 20, 2002, Defendant was sentenced to an additional 12 months of imprisonment. (*Judgment and Commitment on Revocation*, Doc. #76).

Defendant filed this motion for §2255 relief on October 16, 2013, more than a decade after his conviction, sentence and revocation.

Defendant's *latest* legal challenge argues that the three misdemeanor Willful Failure to File Income Tax Return counts failed to charge crimes because the indictment did not specify that Defendant had a statutory duty to pay taxes. (*Motion*, at 1-2, *Memorandum*, at 1-10). He asserts that without a properly-charged crime, due process has been violated and this Court was never vested with jurisdiction.[2] (*Id*.) In addition to being untimely and procedurally barred, Defendant's challenge fails on the merits.

---

[2] Presumably, Defendant is attempting to reach a jurisdictional argument which may be raised at any time.

First, as to timeliness, the plain language of 28 U.S.C. §2255(f) provides :

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

\* \* \*

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant's petition for certiorari in his direct appeal was denied more than 12 years ago by the Supreme Court. *Sather v. United States*, 532 U.S. 1001 (Apr 23, 2001) (NO. 00-9108). His deadline to timely file a §2255 motion to vacate expired more than 11 years ago in 2002. Defendant did not file this §2255 motion until October 16, 2013. (*Motion*, Dkt. #1). The motion is time-barred as it was filed more than a decade out of time.

Nor is there any justifiable reason for such a delay. The claim on which he relies in this §2255 motion, an alleged defect in the indictment, was available to him at the time of his trial. Therefore, Defendant cannot overcome the procedural bar "unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993). There can be no miscarriage of justice in this noncapital case, as this Circuit holds that "a 'fundamental miscarriage of justice' in this context, however, means only that the petitioner is actually innocent of the offense" and "a person cannot be actually innocent of a noncapital sentence." *United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir. 1993)(quoting *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)).

Because Defendant has not even attempted to provide good cause for his failure to file this collateral relief motion within the statute of limitations, he has procedurally defaulted and his motion for sentencing relief is denied as untimely.

Second, a defendant is typically procedurally barred from asserting in a petition for collateral relief, any issues that should have been raised on direct appeal. *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993). Defendant cannot overcome this procedural bar "unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *Id*.

Defendant has not alleged ineffective assistance of counsel, the ground which customarily supplies the cause necessary to overcome this procedural bar. *United States v. Challoner*, 583 F.3d 745, 749 (10th Cir. 2009)(*quoting* *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Defendant has likewise failed to allege any other basis which would allow this Court, at this late date, to test the validity of the indictment. Indeed, the Tenth Circuit in 2002 informed this Defendant such challenges to the sufficiency of his indictment had long since sailed:

> We affirm the district court's denial of Sather's motion on the ground that his challenges are procedurally barred because raised after his conviction became final. *See United States v. Frady,* 456 U.S. 152, 162-67, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) (holding that procedural bar applies to challenges raised "after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal"); *United States v. Allen,* 16 F.3d 377, 378 (10th Cir.1994) ("Section 2255 is not available to test the legality of matters that should have been raised on direct appeal." (internal quotation marks and alteration omitted)). Although Sather styled his challenge as an "emergency motion" under Federal Rule of Criminal Procedure 12(b)(2) rather than as a motion for post-conviction relief under 28 U.S.C. § 2255, such artful pleading avails Sather nothing. *See* Fed.R.Crim.P. 12(b)(2) ( "Defenses and objections based on defects in the indictment [asserting] ... that it fails ... to charge an offense shall be noticed by the court at any time *during the pendency of the proceedings* ...." (emphasis added)).

*Sather,* 41 Fed. Appx.at 337. Defendant's instant motion rests on a challenge which could have been addressed during his direct appeal, and he may not use this §2255 motion to re-litigate such matters.

Finally, notwithstanding the numerous procedural barriers to relief, even if this Court were to address Defendant's underlying claim, his motion fails on the merits. Defendant asserts that the government failed, under 26 U. S. C. § 7203, to charge a crime because the indictment did not specify that Defendant had a statutory duty to pay taxes or cite the specific section of the United States Code which imposed liability on Defendant to pay his income taxes. (*Motion*, Dkt. #1 at 1-2, *Memorandum*, Dkt. #2 at 1-10).

No extended analysis of Defendant's rambling memorandum is necessary to deny the motion. The tax-protester anthem which forms the basis of his claim has been rejected repeatedly by the Tenth Circuit. In another case involving the concealment of income by certain eastern Oklahoma chiropractors, the appellate court held, "[t]he mere omission of the specific statutory authority for the . . . tax liability does not render the indictment insufficient." **United States v. Chisum**, 502 F.3d 1237, 1245 (10th Cir. 2007), *citing* **United States v. Vroman**, 975 F.,2d 669, 670-71 (9th Cir. 1992). *See also*, **United States v. Whatley**, 2010 WL 1236401 (D. Utah, March 29. 2010)(rejecting defense argument that an indictment for failing to pay taxes must reference the section in Title 26 which impose an underlying duty to pay such taxes.)

For all the foregoing reasons, Defendant's motion is denied.

DATED this 27th day of May, 2014.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma